

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building (302) 573-6277
1007 Orange Street, Suite 700 FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

March 15, 2007

The Honorable Gregory M. Sleet
United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

    Re:   **United States v. Lamar Tann**
            <u>**Criminal Action No. 06-137-GMS**</u>

Dear Judge Sleet:

    The defendant has agreed to change his plea pursuant to the enclosed Memorandum of Plea Agreement. The parties respectfully request that the Court schedule a Change of Plea hearing with counsel. An original, executed Memorandum will be submitted at the Change of Plea hearing.

                                            Respectfully submitted,

                                            COLM F. CONNOLLY
                                            United States Attorney
               BY:   /s/ Robert F. Kravetz
                                            Robert F. Kravetz
                                            Assistant United States Attorney

Enclosure

cc:    Eleni Kousoulis, Esq.
        Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>v.<br><br>LAMAR S. TANN,<br><br>          Defendant. | )<br>)<br>)<br>) Criminal Action No. 06-137-GMS<br>)<br>)<br>)<br>) |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Robert F. Kravetz, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Lamar S. Tann, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

    1.    The defendant shall plead guilty in the United States District Court for the District of Delaware to Count Two of the Indictment, which charges him with being a prohibited person in possession of ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). The offense carries a maximum sentence of a term of imprisonment of ten years; a $250,000 fine, or both; three years supervised release; and a $100 special assessment.

    2.    The Government agrees to dismiss, at the time of sentencing, Count One of the Indictment, which charges the defendant with possession of a firearm by a person prohibited, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

    3.    The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count Two of the Indictment: (1) that the defendant knowingly possessed ammunition; (2) that at the time of the defendant's possession of the

ammunition, he had been convicted previously of a crime punishable by a term of imprisonment exceeding one year; and (3) that the ammunition affected interstate commerce, that is, that it had previously crossed state lines.

4. The defendant acknowledges that, from in or around in or around April 2004, until on or about February 18, 2005, he knowingly possessed in and affecting interstate commerce, ammunition, that is, (a) thirty rounds of .45 ACP caliber center-fire cartridges head stamp marked "W-W 45 AUTO"; (b) nineteen rounds of .38 caliber center-fire cartridges head stamp marked "Federal 38 Special"; and (c) eight rounds of .45 ACP caliber center-fire cartridges head stamp marked "R-P 45 AUTO"; that he had been convicted previously on or about January 8, 2004, of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the State of Delaware, in and for New Castle County; and that the ammunition at issue affected interstate commerce.

5. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a two-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1(a). If the defendant's adjusted guideline offense level is greater than level 16, the Government will recommend an additional one-level reduction in the defendant's guideline range pursuant to U.S.S.G. § 3E1.1(b).

6. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained

within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

7. The defendant agrees to abandon any right, title and interest that he may have in the following items seized from him by the police on February 18, 2005: (1) Thirty rounds of .45 ACP caliber center-fire cartridges head stamp marked "W-W 45 AUTO"; (2) Nineteen rounds of .38 caliber center-fire cartridges head stamp marked "Federal 38 Special"; (3) Eight rounds of .45 ACP caliber center-fire cartridges head stamp marked "R-P 45 AUTO"; and (4) a Mossberg 12 gauge shotgun, Model No. 590, Serial No. P466016. The defendant agrees to execute all documents requested by the Government to effect his abandonment, and further agrees that the Bureau of Alcohol, Tobacco & Firearms and/or Wilmington Police Department may dispose of the firearm and ammunition in whatever manner they deem appropriate.

8. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

9. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

                                                      COLM F. CONNOLLY
                                                      United States Attorney

_____      By:_____
Eleni Kousoulis, Esquire                               Robert F. Kravetz
Assistant Federal Public Defender             Assistant United States Attorney
Attorney for the Defendant                       Attorney for the Government


_____
Lamar S. Tann, Defendant

Dated: _____, ____, 2007


        AND NOW, this _____ day of _____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.


                                       _____
                                       Honorable Gregory M. Sleet
                                       United States District Judge